UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV29-J

RHONDA RICHERSON                                                   PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                          DEFENDANT

<u>MEMORANDUM OPINION</u>

Plaintiff filed this action seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Shortly after the administrative record was filed with this Court, defendant filed a motion for a "sentence four" remand, conceding that the ALJ's formulation of questions to the vocational expert resulted in error, such that a new hearing and decision is appropriate.

Faced with such a motion, a plaintiff has two mutually exclusive options. She might interpose no opposition to remand (thus effectively consenting to an agreed dismissal of the complaint, cf. <u>Melkonyan v. Sullivan</u>, 11 S.Ct. 2157 (1991)). In the alternative, the plaintiff might oppose the remand request and ask the Court to review the administrative record, analyzing it for legal error and/or substantiality of evidence. In the case at bar, however, plaintiff seems to be attempting to do both. That is, plaintiff responded by stating that she "does not oppose defendant's motion," but in the next paragraph, she complained that the Administrative Law Judge failed to properly apply the treating physician rule (thus suggesting that she is challenging sufficiency of the evidence). As it would be impossible for plaintiff both to agree to remand without full judicial review *and* to seek full judicial review prior to entry of judgment, the first task confronting the Court

is to determine her actual position.

Considering plaintiff's response as a whole, the Court concludes that she is voicing agreement to further administrative proceedings prior to full judicial review. Not only does she state affirmatively that she "does not oppose the defendant's motion to remand," but even the language that might be viewed as opposition is phrased in terms of language she would like to add to "the remand order." Accordingly, the Court will treat the motion for remand as unopposed.

We turn next to the question of whether the additional proposed language should be added to the remand order. Adding such an explicit directive presents both a practical and a philosophical difficulty. The practical issue is that including such language would suggest that the Court had determined the original ALJ analysis to have been in error. The Court cannot make such a determination without conducting the very review that plaintiff has agreed to forego. Perhaps the language should simply be included simply to remind the ALJ to do his or her duty? That raises the philosophical problem, since it implies that the ALJ requires a reminder of his or her duty. The Court has no basis for such a disrespectful position.

Where, as here, the Commissioner concedes error in the process used to reach the original decision, and where, as here, the parties agree that it is appropriate to remand for a new hearing and decision, the Court generally believes it best to allow the administrative processing to be as flexible as possible. This not only permits the Commissioner to consider new evidence as appropriate, but also respects the Commissioner's willingness to comply with changing law and to apply new decisions and regulations as appropriate.

The Court is also quite cognizant of the principle of "inclusio unis exclusio alterius est": If the Court attempted to include in its remand orders explicit directives to consider all matters that

"might" arise, the Court might inadvertently limit the scope of consideration and slow the administrative process, thus interfering with the attainment of justice. Absent an indication of administrative disregard of a particular legal principle, the Court believes justice is better served by allowing the administrative process to range as widely as necessary.

Accordingly, the Court will grant the unopposed motion for remand, and will leave Commissioner free to exercise his expertise in developing evidence and applying the law to plaintiff's case.